IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CV-522-BO

| | |
|---|---|
| PAMELA A. JACQUES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff's Motion for Judgment on the Pleadings is DENIED.

Defendant's Motion for Judgment on the Pleadings is GRANTED.

## PROCEDURAL HISTORY

On October 10, 2002, Plaintiff Pamela A. Jacques ("Plaintiff") filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits. Plaintiff had been denied DIB and SSI benefits on two previous filings.

On February 16, 2005, Administrative Law Judge ("ALJ") Stephen Jones found that Plaintiff was not disabled. The Appeals Council vacated the ALJ's decision and remanded for a new hearing. On July 14, 2006, ALJ Larry A. Miller also found that Plaintiff was not disabled, and denied her benefits. The Appeals Council denied Plaintiff's request for review.

On January 11, 2007, Plaintiff filed a Complaint. Plaintiff thereafter filed a Motion for Judgment on the Pleadings. Defendant Michael J. Astrue, Commissioner of Social Security

1

("Defendant") also filed a Motion for Judgment on the Pleadings. A hearing on the matter was held on January 30, 2008.

## FACTUAL BACKGROUND

Plaintiff alleges a disability beginning in October 2000. Plaintiff suffers from anxiety, depressive disorder, personality disorder, fibromyalgia, and obesity.

The ALJ found that Plaintiff was not disabled and could perform light work. Plaintiff contends that the ALJ's findings were not supported by substantial evidence. Specifically, Plaintiff argues: that ALJ Miller erred in finding Plaintiff to have a residual functional capacity ("RFC") that was greater than that found by the ALJ Jones; that the RFC was not based on an accurate assessment of the record; that Plaintiff's medical conditions were improperly analyzed; that the ALJ did not give proper weight to the treating physician's opinion; and that the ALJ's evaluation of Plaintiff's credibility was in error.

## DISCUSSION

### 1. Standard for Judicial Review of a Final Decision for Disability Benefits

Under the Social Security Act, the scope of judicial review for a final decision of an ALJ regarding disability benefits is limited to determining whether the findings of the ALJ are supported by substantial evidence and whether the correct law was applied. Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g) (providing that findings of fact shall be conclusive if supported by substantial evidence). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). The Court must not substitute its own judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. See

2

Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)).

In evaluating whether a claimant is disabled, an ALJ uses a five step sequential evaluation process, established by the regulations of the Social Security Administration under 20 C.F.R. § 404.1503 (1980).

> "Under the [five step] process the ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether that impairment meets or equals the medical criteria of Appendix 1 which warrants a finding of disability without considering vocational factors; and (4) if not, whether the impairment prevents him from performing his past relevant work. By satisfying either step 3 or 4, the claimant establishes a prima facie case of disability. The burden then shifts to the Secretary and leads to the fifth and final inquiry in the sequence: (5) whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job."

Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); see also 20 C.F.R. § 404.1503.

There is a two-step analysis in assessing the credibility of a plaintiff's complaint of pain. At the first step, the ALJ must determine whether objective medical evidence exists which shows a medical impairment that could reasonably produce the pain alleged, in both amount and degree. At the second step, the ALJ evaluates the amount and degree of pain, along with the extent such pain limits the ability to engage in work. At this second step, an ALJ may use any of the following evidence to come to a decision: objective medical evidence of pain; statements concerning pain or other subjective complaints; plaintiff's medical history; laboratory findings; activities of daily living; and any course of treatment undergone to alleviate pain. Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). A plaintiff's work history should be taken into account in

3

affording credibility to a plaintiff's belief in his or her own capabilities. See Nanny v. Mathews, 423 F. Supp. 548, 551 (E. D. Va. 1976).

A treating physician's opinion is often granted controlling weight. "If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." 20 C.F.R. § 404.1527 (d)(2). "In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." Smith v. Barnhart, 395 F. Supp. 2d 298, 307 (E.D.N.C. 2005). However, if there is a conflict between a specialist's opinion and a non-specialist's opinion, "we generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527 (d)(5).

## 2. ALJ's findings are supported by substantial evidence

The ALJ's finding that Plaintiff was not disabled is supported by substantial evidence. Defendant's Motion for Judgment on the Pleadings is granted. Plaintiff's Motion for Judgment on the Pleadings is denied.

The ALJ's RFC assessment of light work was based on substantial evidence and was an accurate assessment of the record. ALJ Miller considered Plaintiff's case de novo, and was not bound by ALJ Jones's RFC in any way; ALJ Miller was bound only by the record before him, which he fully considered. The ALJ properly adopted all treating physicians' opinions supported by the record, and properly refused to adopt those opinions contradicted by the objective medical

4

evidence. The ALJ also considered the numerous and varied activities that Plaintiff did in her private life. The RFC assessment notably accepted the opinion of Dr. Garcia who, after a full exam of Plaintiff, found no evidence of disability; Dr. Garcia's opinion was fully supported by the medical record. The ALJ properly analyzed Plaintiff's medical conditions and his RFC assessment is supported by substantial evidence.

The ALJ's evaluation of Plaintiff's credibility is also based on substantial evidence. Plaintiff's complaints of pain were not accompanied by objective findings of medical impairments which could reasonably be expected to produce the alleged pain. Diagnostic testing did not indicate any impairment that would cause the pain that Plaintiff alleged. The ALJ also relied on opinions by Dr. Garcia and Dr. Jimenez, whose opinions contradicted Plaintiff's claim that her pain was disabling. The ALJ's finding that Plaintiff's complaints of pain were not credible is supported by the medical evidence.

The ALJ's ultimate finding that Plaintiff was not disabled was supported by substantial evidence, as the record as a whole shows that Plaintiff could perform light work. Defendant's Motion for Judgment on the Pleadings is granted. Plaintiff's Motion for Judgment on the Pleadings is denied. Judgment is entered for Defendant.

5

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings is DENIED.
Defendant's Motion for Judgment on the Pleadings is GRANTED.

SO ORDERED.

This  30  day of March, 2008.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE